IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAVID BATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-00522-CV-W-BP-SSA |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for disability insurance benefits. For the following reasons, the Commissioner's decision is **AFFIRMED**.

**I. BACKGROUND**

Plaintiff David Bates was born on June 15, 1975, (R. at 193), and has a tenth-grade education. (R. at 64.) On August 3, 2017, Plaintiff filed applications for disability insurance benefits and supplemental security income benefits, alleging that he became disabled on October 30, 2016. (R. at 193, 200.) Prior to October 30, 2016, Plaintiff had worked as a hand packager, foundry worker, warehouse furniture delivery person, and lawnmower assembler. (R. at 22.)

After holding a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff suffers from bipolar disorder, depression, generalized anxiety disorder, and alcohol use disorder, along with a variety of physical ailments not relevant here. (R. at 13.) However, the ALJ found that these problems were not medically equal in severity to one of the listed impairments in 20 C.F.R. Part 404. (R. at 14.) The ALJ then turned to Plaintiff's Residual Functional Capacity ("RFC").

She found that, due to Plaintiff's physical ailments, he could only perform light work with additional physical limitations. (R. at 16.) Additionally, she found that Plaintiff could understand, remember, and carry out only "simple instructions consistent with unskilled work." (*Id*.)

At the hearing, the ALJ asked a Vocational Expert ("VE") whether a hypothetical person, operating under the limitations in Plaintiff's RFC—including the limits on understanding, remembering, and executing simple instructions—could perform any jobs that exist in significant numbers in the national economy. (R. at 63–64.) The VE testified that such a person could work as a shipping and receiving weigher or a counter clerk in the photo finishing trade. (*Id*.) In her written opinion, the ALJ relied on the VE's testimony to conclude that Plaintiff could work on and after the alleged onset date, and consequently, was not disabled. (R. at 23.)

Plaintiff has now appealed the ALJ's determination that he was not disabled, arguing that it was not supported by substantial evidence. The Commissioner opposes Plaintiff's appeal. The Court resolves these issues below.

## II. DISCUSSION

The Court has a limited ability to revisit the conclusions of an ALJ. Specifically, "review of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Although the substantial evidence standard is favorable to the Commissioner, it requires the Court to consider evidence that fairly detracts from the Commissioner's decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). But if the Court finds substantial evidence to support the Commissioner's decision, it cannot reverse the decision simply because there is also substantial evidence that might have supported the opposite

outcome. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). With these principles in mind, the Court addresses each of Plaintiff's arguments in turn to determine whether they show that the Commissioner's decision was not supported by substantial evidence.

Plaintiff's first argument is that the ALJ's determination of his mental RFC is unsupported by substantial evidence. (Doc. 12, p. 8.) The Court disagrees. The ALJ considered a variety of factors, including medical evidence, in concluding that Plaintiff could understand, remember, and carry out simple instructions consistent with unskilled work. (R. at 16.) For example, the ALJ cited a clinical encounter shortly after Plaintiff's alleged onset date indicating that Plaintiff did not exhibit depression, suicidal ideation, or suicidal planning, and that Plaintiff was generally cooperative and well-groomed, and could explain himself well with "normal speech," (R. at 390–91); a disability evaluation from September 2017 indicating that Plaintiff was clean and well-groomed, and "has no history of depression, panic attacks, bipolar disorder or anxiety syndrome," (R. at 363); and a mental health evaluation from August 2018 indicating that Plaintiff was not "depressed" or "easily distractable or [i]mpulsive," had never experienced a panic attack, and could concentrate "depend[ing] on what the activity is." (R. at 726–27.) Moreover, the ALJ cited multiple encounters with mental health professionals who found that Plaintiff was of at least average intelligence, had appropriate attention, memory, and concentration, and was generally alert and goal-oriented. (*See* R. at 629, 642–43.) The ALJ also considered other evidence of Plaintiff's abilities, including the fact that he cared for himself and his parents and performed household chores, (R. at 56), and continued to work "odd jobs" after his alleged onset date to make additional money. (R. at 680.) All of these facts support the ALJ's conclusion that understand, remember, and carry out simple instructions consistent with unskilled work.

3

Plaintiff suggests that the ALJ erred in relying on this evidence because his own "testimony supports more limitations than the ability to perform unskilled work." (Doc. 12, p. 12.) For instance, Plaintiff points to his testimony that he sometimes struggles to get along with others "when [his] anxiety level goes way through the roof and then [he has] to take [his] meds." (R. at 54.) But the ALJ explicitly considered and rejected the possibility that Plaintiff's RFC should include social limitations, (R. at 21); she pointed out that Plaintiff continues to help his parents around the house, and plays guitar and pool and smokes marijuana with his friends, which belies his suggestion that he cannot get along with other people. (R. at 726.) Thus, there is evidence in the record to support the ALJ's RFC determination; while there is also evidence to support Plaintiff's position, "[i]f, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009) (citation omitted).

Finally, Plaintiff maintains that the ALJ erred by failing to order a psychiatric examination to develop the Record with additional medical evidence about his mental limitations. (Doc. 12, p. 10.) Plaintiff requested a psychiatric examination at the hearing, (R. at 65–66), and the ALJ acknowledged this request, but did not explicitly rule on it at the hearing or in her written opinion. The Court finds that the ALJ did not err in declining to order a psychiatric examination. "While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment. The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) (internal citation omitted). As discussed above, the evidence in the Record—including

the extensive medical evidence—is sufficient to support the ALJ's determination that Plaintiff can understand, remember, and carry out simple instructions consistent with unskilled work. Therefore, the ALJ was not required to order additional testing.

### III. CONCLUSION

For the foregoing reasons, the Court finds that substantial evidence supports the ALJ's determination of Plaintiff's mental RFC. Consequently, the Commissioner's final decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
**DATE**: July 28, 2021
UNITED STATES DISTRICT COURT